**WITHERS BERGMAN LLP**
Hollis Gonerka Bart (HB-8955)
Chaya Weinberg-Brodt (CW-4676)
430 Park Avenue, 10th Floor
New York, New York 10022
212.848.9800 (p)
212.848.9888 (f)
*Attorneys for Defendants and*
*The Brandhorst Foundation*

REDACTED

For Public Filing

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

VENETIA KAPERNEKAS,

                                        Plaintiff,

                    -against-

UDO FRITZ-HERMANN BRANDHORST ET AL,

                                        Defendants.

-------------------------------------------------------------X

Index No.: 08cv4046

**DECLARATION OF CHAYA F.
WEINBERG-BRODT IN
SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE
COMPLAINT**

Chaya F. Weinberg-Brodt hereby affirms under penalty of perjury:

1.  I am a member of the bar of the state of New York and of this Court, and I am of counsel to the law firm of Withers Bergman LLP, attorneys for defendants Udo Fritz-Hermann Brandhorst and The Brandhorst Foundation.

2.  Annexed hereto as Exhibit 1 is a true and correct copy of the Complaint in this action.

3.  Annexed hereto as Exhibit 2 is a true and correct copy of the Petition for Support in the matter of *Kapernekas v. Brandhorst* dated April 29, 2004.

4.  Annexed hereto as Exhibit 3 is a true and correct copy of the Petition for Custody in the matter of *Kapernekas v. Brandhorst* dated April 29, 2004.

1

692354.1

5.  Annexed hereto as Exhibit 4 is a true and correct copy of the Answer to Petition for Support in the matter of *Kapernekas v. Brandhorst* dated June 7, 2004.

6.  Annexed hereto as Exhibit 5 is a true and correct copy of the Withdrawal of Action in the matter of *Kapernekas v. Brandhorst* dated October 1, 2004.

7.  Annexed hereto as Exhibit 6 is a true and correct copy of the Petition for Joint Custody and Visitation without exhibits in the matter of *Brandhorst v. Kapernekas* dated January 23, 2008.

8.  Annexed hereto as Exhibit 7 is a true and correct copy of Mr. Brandhorst's Answer to Respondent's Cross-Petition for Sole Custody and a Regular Access Schedule without exhibits dated February 27, 2008.

9.  Annexed hereto as Exhibit 8 is a true and correct copy of the Bavarian Law on Foundations in German, with a certified English translation of the relevant provisions.

10. I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 11, 2008.

_____
Chaya F. Weinberg-Brodt

# Exhibit 1 to Weinberg-Brodt Declaration



08 CV 4046

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENETIA KAPERNEKAS                      :        **CIVIL ACTION**

                          Plaintiff,   :        **COMPLAINT**

            -against-                   :

UDO FRITZ-HERMANN BRANDHORST            :        **JURY TRIAL DEMANDED**

            -and-                       :        

THE BRANDHORST FOUNDATION               :

                          Defendants.  :

Plaintiff, by her attorneys, brings this civil action for damages and injunctive relief

against the defendants, and demanding trial by jury, complains and alleges as follows:

### THE PARTIES

1.      Plaintiff, Venetia Kapernekas ("plaintiff" or "Kapernekas"), is an adult individual

residing at 104 Wooster Street, 3 N, New York, NY 10012.

2.      Defendant, Udo Fritz-Hermann Brandhorst ("defendant" or "Brandhorst"), is a

German citizen and resident of Bavaria, Germany, with a residence located at Hittostrasse 20,

Hitterkirchen Bernau 83233, Bavaria.

3.      Upon information and belief, defendant, the Brandhorst Foundation is a

foundation located in Cologne, Germany with an office located at Brandhorst Sammlung,

Haydenstrasse 15, Cologne, Germany D50935.

## JURISDICTION AND VENUE

4.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil action between a party who is a citizen of a State and parties who are citizens or subjects of a foreign state and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this litigation occurred here.

## MATERIAL FACTS

6.    Kapernekas is the sole proprietor of a contemporary art gallery located at 526 W 26 Street, Suite 814, New York, New York 10001.

7.    Brandhorst is a highly successful investor and an internationally prominent art collector.

8.    The Brandhorst Foundation is an entity created by Brandhorst to fund, hold and oversee control of his art collection, known as the Brandhorst Collection.

9.    Brandhorst and the Brandhorst Foundation have arranged for the State of Bavaria, Germany to build a major art museum in Munich to house the Brandhorst Collection.

10.    Kapernekas and Brandhorst first met in November, 1997, developed a personal relationship, and have one child together.

11.    In the Spring of 2002, Brandhorst offered to help Kapernekas invest in contemporary art.

12.    Kapernekas was aware of the fact that Brandhorst was a successful investor, particularly as an expert in purchasing, investing and collecting contemporary art, the prices for

2

which were escalating rapidly at the time.

13.    Kapernekas agreed to provide Brandhorst with her funds to invest in contemporary art on her behalf.

14.    Kapernekas relied upon Brandhorst's expertise in deciding to permit him to use her funds to invest on her behalf and she hoped to obtain a substantial return on her investment.

15.    In or around June, 2002, and at the express request of Brandhorst, Kapernekas transferred $825,416.83 (hereafter "the funds") from her bank account to an account managed by Chase Bank on behalf of the Gagosian Gallery, located in Manhattan, New York. The sole purpose of this transfer was to permit Brandhorst to purchase contemporary art at the Gagosian Gallery as an investment for Kapernekas.

16.    Upon information and belief, Brandhorst used the funds to purchase a piece of contemporary artwork from the Gagosian Gallery in New York, a business through which Brandhorst purchased significant and valuable pieces of artwork.

17.    Brandhorst did not disclose the identity of the artwork to Kapernekas but assured her that it was a good investment.

18.    Contemporary artwork of the type selected and purchased by Brandhorst from the Gagosian Gallery in New York has greatly increased in value over the last 5 – 8 years.

19.    Kapernekas periodically inquired about the identity of the artwork that she had purchased and Brandhorst told her not to worry about it. In light of Brandhorst's expertise, as well as the personal nature of their relationship, Kapernekas initially concluded that Brandhorst was waiting until the artwork significantly appreciated in value before disclosing to Kapernekas how much her investment had yielded.

3

20.    On or about February 2, 2007, and after her prior inquiries had been rebuffed, Kapernekas, through her attorneys, made a demand for the artwork during a meeting with an attorney at the Blank Rome firm who represents Brandhorst.

21.    On or about February 2, 2007, Brandhorst, through his lawyer, refused to confirm the identity of the piece or the ownership interest of Kapernekas in the piece.

22.    Upon information and belief, the artwork has so greatly increased in value that Brandhorst no longer wants to surrender it to Kapernekas or permit her to share in the proceeds of its sale.

23.    Upon information and belief, Brandhorst may have also decided to exhibit the artwork as a featured exhibit in the new museum that is opening in Munich, notwithstanding the fact that he lacks good title to the piece and notwithstanding the fact that the piece is owned by Kapernekas.

## Count I

### (Replevin – Against Brandhorst and the Brandhorst Foundation)

24.    Plaintiff repeats and realleges the allegations in the preceding paragraphs of the complaint as if fully set forth at length herein.

25.    Kapernekas is the rightful owner of the art piece because it was purchased using the funds that she wired to the Gagosian Gallery in New York at the request of Brandhorst.

26.    On February 2, 2007, Kapernekas demanded the art piece and Brandhorst refused to surrender the piece to Kapernekas.

27.    The art piece is valuable and unique and should be immediately returned to Kapernekas.

4

28.    The right of Kapernekas to possess the art piece is superior to any right claimed by Brandhorst or the Brandhorst Foundation because the art piece was purchased on behalf of Kapernekas using the funds that she wired to the Gagosian Gallery in New York.

## Count II

(Conversion – Against Brandhorst and the Brandhorst Foundation)

29.    Plaintiff repeats and realleges the allegations in the preceding paragraphs of the complaint as if fully set forth at length herein.

30.    The parties understood and agreed that Brandhorst would purchase the art piece on behalf of Kapernekas as an investment.

31.    Brandhorst did in fact purchase the art piece on behalf of Kapernekas as an investment.

32.    Despite demand, Brandhorst has refused to surrender the piece to Kapernekas and has also refused to confirm its identity or precise whereabouts.

33.    Brandhorst has converted property belonging to Kapernekas, and his refusal to return the property to Kapernekas is unlawful and gives rise to this claim for conversion.

34.    Kapernekas is entitled to damages against Brandhorst and the Brandhorst Foundation measured by the current market value of the art piece, all in an amount to be determined at trial but in no event less than $825,416.83, plus costs, interest, and attorney's fees.

## Count III

(Breach of Fiduciary Duty – Against Brandhorst and the Brandhorst Foundation)

35.    Plaintiff repeats and realleges the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

36.     Brandhorst offered to invest the funds in a contemporary art piece and Kapernekas accepted the offer.

37.     Kapernekas entrusted Brandhorst with the funds for investment purposes and Brandhorst used the funds to invest in an art piece.

38.     In offering to invest, and subsequently investing the funds, Brandhorst undertook a duty of good faith and loyalty to Kapernekas.

39.     Brandhorst's failure and refusal to identify the art piece and surrender it to Kapernekas upon demand constitutes a breach of the duties of good faith and loyalty owed to Kapernekas.

40.     As a result of Brandhorst's breach of his duties, Kapernekas is entitled to damages against Brandhorst measured by the current market value of the art piece, all in an amount to be determined at trial but in no event less than $825,416.83, plus costs, interest, and attorney's fees.

### Count IV

(Unjust Enrichment – Against Brandhorst and the Brandhorst Foundation)

41.     Plaintiff repeats and realleges the allegations in the preceding paragraphs of the complaint as if fully set forth at length herein.

42.     At the request of Brandhorst, Kapernekas transmitted the funds to the Gagosian Gallery in New York and Brandhorst used the funds to invest in a piece of contemporary art on behalf of Kapernekas.

6

43.    Brandhorst appreciated, accepted and retained the benefit of the piece and his wrongful refusal to surrender the piece to plaintiff, or to permit Kapernekas to share in the proceeds from a sale of piece, has unjustly enriched Brandhorst at the expense of Kapernekas.

44.    Upon information and belief, Brandhorst may also have decided to exhibit the piece as a featured exhibit in his new museum that is opening in Munich, which would further inure to the benefit of Brandhorst and the Brandhorst Foundation to the detriment of Kapernekas, who is the rightful owner of the piece.

45.    Retention of the piece by Brandhorst and the Brandhorst Foundation without payment to Kapernekas would be unjust.

46.    Kapernekas is entitled to damages against Brandhorst and the Brandhorst Foundation measured by the current market value of the art piece, all in an amount to be determined at trial but in no event less than $825,416.83, plus costs, interest, and attorney's fees.

**WHEREFORE** plaintiff Venetia Kapernekas prays for the following equitable and monetary relief:

AS TO COUNT I:

(a)    Order defendants to identify the current location of the art piece and surrender title to the art piece to plaintiff

(b)    Enjoin defendants from taking any action that would diminish the value of the art piece

(c)    Order defendants to pay the costs of this action

(d)    Grant plaintiff such other equitable relief as is just and proper under the circumstances.

7

AS TO COUNTS II, III AND IV:

      (a)  Order defendants to pay damages in an amount to be determined at trial but in no event less than $825,416.83, plus costs, interest, and attorney's fees.

      (b)    Grant plaintiff such other equitable relief as is just and proper under the circumstances.

FOX ROTHSCHILD, LLP

John A. Wait, Esq. (JW 2558)
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

OF COUNSEL:
Robert E. Goldman
FOX ROTHSCHILD LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
*ATTORNEYS FOR PLAINTIFF:*
VENETIA KAPERNEKAS

8

# EXHIBIT 2

# EXCISED FROM PUBLIC

# FILING

# EXHIBIT 3

# EXCISED FROM PUBLIC

# FILING

# EXHIBIT 4

# EXCISED FROM PUBLIC

# FILING

# EXHIBIT 5

# EXCISED FROM PUBLIC

# FILING

# EXHIBIT 6

# EXCISED FROM PUBLIC

# FILING

# EXHIBIT 7

# EXCISED FROM PUBLIC

# FILING

# Exhibit 8 to Weinberg-Brodt Declaration

# Bayerisches Stiftungsgesetz (BayStG)
(BayRS 282-1-1-UK/WFK)
In der Fassung der Bekanntmachung
vom 19. Dezember 2001 (GVBl 2002 S. 10)
geändert durch § 1 Nr. 84 des Gesetzes vom 07.08.2003, GVBl S. 497 (3. Aufhebungsgesetz)

## Erster Abschnitt
## Allgemeine Bestimmungen

### Art. 1

(1) Stiftungen im Sinn dieses Gesetzes sind die rechtsfähigen Stiftungen des bürgerlichen Rechts und des öffentlichen Rechts.

(2) Stiftungen des öffentlichen Rechts im Sinn dieses Gesetzes sind Stiftungen, die ausschließlich öffentliche Zwecke verfolgen und mit dem Staat, einer Gemeinde, einem Gemeindeverband oder einer sonstigen Körperschaft oder Anstalt des öffentlichen Rechts in einem organischen Zusammenhang stehen, der die Stiftung selbst zu einer öffentlichen Einrichtung macht.

(3) [1]Öffentliche Stiftungen im Sinn dieses Gesetzes sind die rechtsfähigen Stiftungen des bürgerlichen Rechts, die nicht ausschließlich private Zwecke verfolgen, und die rechtsfähigen Stiftungen des öffentlichen Rechts. [2]Als öffentliche Zwecke gelten die der Religion, der Wissenschaft, der Forschung, der Bildung, dem Unterricht, der Erziehung, der Kunst, der Denkmalpflege, der Heimatpflege, dem Schutz der natürlichen Lebensgrundlagen, dem Sport, den sozialen Aufgaben oder sonst dem Gemeinwohl dienenden Zwecke.

### Art. 2

(1) Die Achtung vor dem Stifterwillen ist oberste Richtschnur bei der Handhabung dieses Gesetzes.

(2) Die Stiftungen haben ein Recht auf ihren Bestand und ihren Namen.

## 1. Titel
## Entstehung der Stiftungen, Stiftungsverzeichnis

### Art. 3

Eine Stiftung des bürgerlichen Rechts entsteht durch das Stiftungsgeschäft und die Genehmigung auf Grund der §§ 80 bis 84 des Bürgerlichen Gesetzbuchs und der Art. 5 und 6 dieses Gesetzes.

## Art. 4

[1]Eine Stiftung des öffentlichen Rechts entsteht durch den Stiftungsakt und die Genehmigung in entsprechender Anwendung der §§ 80 bis 84 des Bürgerlichen Gesetzbuchs und auf Grund der Art. 5 und 6 dieses Gesetzes. [1]Die Genehmigung entfällt, wenn eine Stiftung durch Gesetz errichtet wird oder der Freistaat Bayern Stifter oder Mitstifter ist.

## Art. 5

[1]Es besteht vorbehaltlich des Satzes 2 ein Rechtsanspruch auf Erteilung der Genehmigung. [2]Die Genehmigung ist zu versagen, wenn

1. die Stiftung einen rechtswidrigen oder das Gemeinwohl gefährdenden Zweck verfolgen soll,
2. die nachhaltige Erfüllung des Stiftungszwecks aus den Erträgen des Stiftungsvermögens nicht gesichert erscheint oder
3. eine sonstige auf Rechtsvorschriften beruhende Voraussetzung für die Errichtung einer Stiftung nicht erfüllt ist.

## Art. 6

Die zur Entstehung einer Stiftung erforderliche Genehmigung erteilt die Regierung, in deren Bezirk die Stiftung ihren Sitz haben soll.

## Art. 7

[1]Hat eine Stiftung die Rechtsfähigkeit erlangt, ist ihre Entstehung von der Genehmigungsbehörde im Bayerischen Staatsanzeiger bekannt zu machen. [2]Die Bekanntmachung umfasst folgende Angaben:

1. Name der Stiftung,
2. Rechtsstellung und Art,
3. Sitz,
4. Zweck,
5. Stiftungsorgane,
6. gesetzliche Vertretung,
7. Name des Stifters,
8. Zeitpunkt der Entstehung,
9. Anschrift der Stiftungsverwaltung.

[3]Auf Antrag des Stifters ist auf die Angabe seines Namens zu verzichten.

## Art. 8

(1) Das Landesamt für Statistik und Datenverarbeitung führt ein allgemein zugängliches Verzeichnis der rechtsfähigen Stiftungen in Bayern mit Ausnahme der kirchlichen Stiftungen (Stiftungsverzeichnis).

(2) [1]In das Stiftungsverzeichnis ist jede Stiftung mit den Angaben nach Art. 7 Satz 2 in Verbindung mit Satz 3 aufzunehmen. [2]Änderungen zu diesen Angaben haben die Stiftungen der Genehmigungsbehörde unverzüglich mitzuteilen.

(3) Die Genehmigungsbehörden übermitteln dem Landesamt für Statistik und Datenverarbeitung alle Angaben, die für die Führung des Stiftungsverzeichnisses erforderlich sind.

## 2. Titel
## Satzung der Stiftungen

## Art. 9

(1) [1]Jede Stiftung muss eine Satzung haben. [2]Die Satzung wird, soweit sie nicht auf Gesetz beruht, durch den Stiftungsakt oder das Stiftungsgeschäft bestimmt.

(2) [1]Die Satzung hat Bestimmungen über Name, Rechtsstellung und Art, Sitz, Zweck, Vermögen und Organe der Stiftung sowie über die Verwendung des Stiftungsertrags zu enthalten. [2]Bei Stiftungen des öffentlichen Rechts mit Dienstherrnfähigkeit ist ferner die Zuständigkeit für die Ernennung und Entlassung von Beamten festzulegen. [3]Die Satzung kann bei der Genehmigung der Stiftung von der Genehmigungsbehörde ergänzt werden; zu Lebzeiten des Stifters jedoch nur mit seiner Zustimmung.

(3) [1]Die Änderung der Stiftungssatzung bedarf der Genehmigung durch die Regierung. [2]Art. 4 Satz 2 gilt entsprechend.

## Art. 10

(1) Für die Stiftungen des bürgerlichen Rechts gilt § 86 des Bürgerlichen Gesetzbuchs.

(2) [1]Auf die Stiftungen des öffentlichen Rechts finden die Vorschriften der §§ 26, 27 Abs. 3, § 28 Abs. 1 und § 30 des Bürgerlichen Gesetzbuchs entsprechende Anwendung, die Vorschriften des § 27 Abs. 3 und des § 28 Abs. 1 jedoch nur insoweit, als sich nicht aus der Satzung ein anderes ergibt. [2]Außerdem gilt für sie § 89 des Bürgerlichen Gesetzbuchs.

## 3. Titel
## Verwaltung der Stiftungen

## Art. 11

(1) [1]Das Vermögen, das der Stiftung zugewendet wurde, um aus seinen Erträgen den Stiftungszweck nachhaltig zu erfüllen (Stiftungsvermögen), ist in seinem Bestand ungeschmälert zu erhalten. [2]Es ist von anderem Vermögen getrennt zu halten.

3

(2) [1]Das Stiftungsvermögen ist sicher und wirtschaftlich zu verwalten. [2]Im Rahmen des Satzes 1 soll der Erlös für veräußerte Grundstücke wieder in Grundstücken angelegt werden.

## Art. 12

[1]Stiftungsvermögen darf unter keinem Vorwand dem Vermögen des Staates, einer Gemeinde, eines Gemeindeverbands oder einer sonstigen Körperschaft oder Anstalt des öffentlichen Rechts einverleibt werden. [2]Der Anfall des Vermögens aufgehobener Stiftungen an die in der Stiftungssatzung bezeichneten oder an andere Personen wird dadurch nicht berührt.

## Art. 13

[1]Der Ertrag des Stiftungsvermögens und etwaige zum Verbrauch bestimmte Zuwendungen dürfen nur entsprechend dem Stiftungszweck verwendet werden. [2]Die Zuführung von Erträgen zum Stiftungsvermögen, um dieses in seinem Wert zu erhalten, bleibt hiervon unberührt.

## Art. 14

[1]Die Mitglieder der Stiftungsorgane sind zur gewissenhaften und sparsamen Verwaltung der Stiftung verpflichtet. [2]Organmitglieder, die ihre Obliegenheiten vorsätzlich oder grob fahrlässig verletzen, sind der Stiftung zum Ersatz des daraus entstehenden Schadens verpflichtet. [3]Sind für den entstehenden Schaden mehrere Organmitglieder nebeneinander verantwortlich, so haften sie als Gesamtschuldner.

## 4. Titel
## Umwandlung und Erlöschen von Stiftungen

## Art. 15

(1) [1]Für die Umwandlung und das Erlöschen der Stiftungen des bürgerlichen Rechts gelten die §§ 87 und 88 des Bürgerlichen Gesetzbuchs. [2]Auf die Stiftungen des öffentlichen Rechts finden diese Bestimmungen entsprechende Anwendung.

(2) Zu Lebzeiten des Stifters ist dieser vor einer Aufhebung oder Umwandlung der Stiftung zu hören.

(3) Zuständige Behörde im Sinn des § 87 des Bürgerlichen Gesetzbuchs ist die Genehmigungsbehörde.

## Art. 16

(1) [1]Die Umwandlung von Stiftungen kann auch in der Weise erfolgen, dass mehrere Stiftungen gleicher Art, bei denen eine der in § 87 Abs. 1 des Bürgerlichen Gesetzbuchs genannten Voraussetzungen vorliegt, zusammengelegt werden. [2]Die neue Stiftung erlangt mit der Zusammenlegung die Rechtsfähigkeit. [3]Im Fall der Aufhebung der neuen Stiftung leben die zusammengelegten Stiftungen nicht wieder auf.

4

(2) Im Fall der Zusammenlegung und der Aufhebung von Stiftungen gilt Art. 7 Satz 1 entsprechend.

## Art. 17

(1) Ist für den Fall des Erlöschens einer Stiftung kein Anfallsberechtigter bestimmt, so fällt das Vermögen einer allgemeinen Stiftung an den Fiskus, das einer kommunalen Stiftung (Art. 28) an die entsprechende Gebietskörperschaft und das einer kirchlichen Stiftung (Art. 29) an die entsprechende Kirche; hierbei finden die Vorschriften über eine dem Fiskus als gesetzlichem Erben anfallende Erbschaft entsprechende Anwendung.

(2) [1]Bei Anfall an den Fiskus hat die Genehmigungsbehörde, bei Anfall an eine kommunale Gebietskörperschaft oder an eine Kirche das jeweils zuständige Organ das Vermögen tunlichst in einer dem Stiftungszweck entsprechenden Weise zu verwenden. [2]Nach Möglichkeit ist es einer anderen Stiftung mit ähnlicher Zweckbestimmung zuzuführen. [3]Dabei ist die soziale und bekenntnismäßige Bindung der erloschenen Stiftung zu berücksichtigen.

## Zweiter Abschnitt
## Stiftungsaufsicht

## Art. 18

(1) [1]Die öffentlichen Stiftungen (Art. 1 Abs. 3) unterstehen mit Ausnahme der staatlich verwalteten Stiftungen der Rechtsaufsicht des Staates (Stiftungsaufsicht); der Vierte Abschnitt dieses Gesetzes bleibt unberührt. [2]Stiftungsaufsichtsbehörden sind die Regierungen.

(2) [1]Als oberste Stiftungsaufsichtsbehörden sind zuständig

1. das Staatsministerium für Wissenschaft, Forschung und Kunst für Stiftungen, die der Wissenschaft, der Forschung, der Kunst, der Denkmalpflege oder der Heimatpflege gewidmet sind,
2. das Staatsministerium für Unterricht und Kultus für Stiftungen, die der Religion, der Bildung, dem Unterricht, der Erziehung oder dem Sport gewidmet sind,
3. das Staatsministerium des Innern für alle übrigen Stiftungen.

[2]Verfolgt eine Stiftung verschiedene Zwecke, so entscheidet der Hauptzweck der Stiftung; bei gemischten privat-öffentlichen Zwecken entscheiden die öffentlichen oder die überwiegenden öffentlichen Zwecke.

(3) [1]Der von den obersten Stiftungsaufsichtsbehörden gebildete Landesausschuss für das Stiftungswesen hat die Aufgabe, diese und die Stiftungsaufsichtsbehörden zu beraten. [2]Außerdem obliegt ihm die Förderung und Pflege des Stiftungswesens.

## Art. 19

Die Stiftungsaufsichtsbehörden sollen die Stiftungen bei der Erfüllung ihrer Aufgaben verständnisvoll beraten, fördern und schützen sowie die Entschlusskraft und die Selbstverantwortung der Stiftungsorgane stärken.

## Art. 20

(1) [1]Die Stiftungsaufsichtsbehörde überwacht die ordnungsmäßige und rechtzeitige Ausstattung der Stiftung. [2]Sie achtet darauf, dass die Angelegenheiten der Stiftung in Übereinstimmung mit dem Gesetz und der Stiftungssatzung besorgt werden. [3]Dabei überprüft sie insbesondere die Erhaltung des Stiftungsvermögens sowie die satzungsgemäße Verwendung seiner Erträge und etwaiger zum Verbrauch bestimmter Zuwendungen.

(2) Der Stiftungsaufsichtsbehörde sind die Zusammensetzung der Organe der Stiftung und etwaige Änderungen unverzüglich mitzuteilen.

(3) [1]Die Stiftungsaufsichtsbehörde ist befugt, sich über alle Angelegenheiten der Stiftung zu unterrichten. [2]Sie kann insbesondere Anstalten und Einrichtungen der Stiftung besichtigen, die Geschäfts- und Kassenführung prüfen oder bei größerem Umfang prüfen lassen sowie Berichte und Akten einfordern.

(4) Die Stiftungsaufsichtsbehörde kann rechtswidriges Verhalten der Stiftungsorgane beanstanden und die Vornahme oder das Unterlassen entsprechender Maßnahmen verlangen.

(5) Kommt die Stiftung binnen einer ihr gesetzten angemessenen Frist den Anordnungen der Stiftungsaufsichtsbehörde nicht nach, kann diese die notwendigen Maßnahmen anstelle der Stiftung verfügen und vollziehen.

## Art. 21

(1) [1]Hat ein Mitglied eines Stiftungsorgans sich einer groben Pflichtverletzung schuldig gemacht oder ist es zur ordnungsmäßigen Geschäftsführung unfähig, so kann die Stiftungsaufsichtsbehörde die Entfernung dieses Mitglieds und die Bestellung eines neuen verlangen. [2]Sie kann gleichzeitig oder später dem Mitglied die Geschäftsführung einstweilen untersagen und einen vorläufigen Vertreter bestellen, sofern nicht § 29 des Bürgerlichen Gesetzbuchs anzuwenden ist.

(2) Kommt die Stiftung binnen einer ihr gesetzten angemessenen Frist der nach Absatz 1 Satz 1 getroffenen Anordnung der Stiftungsaufsichtsbehörde nicht nach, so kann diese die Entfernung des Mitglieds verfügen und ein anderes an seiner Stelle berufen.

(3) Diese Bestimmungen finden keine Anwendung auf Stiftungen, deren Verwaltung von einer öffentlichen Behörde geführt wird.

6

## Art. 22

(1) [1]Das zur Vertretung der Stiftung allgemein zuständige Organ kann Rechtsgeschäfte im Namen der Stiftung mit sich im eigenen Namen oder als Vertreter eines Dritten nicht vornehmen, es sei denn, dass das Rechtsgeschäft ausschließlich in der Erfüllung einer Verbindlichkeit besteht. [2]Die Stiftungsaufsichtsbehörde hat für solche Rechtsgeschäfte jeweils einen besonderen Vertreter zu bestellen.

(2) Das zur Vertretung allgemein zuständige Organ kann von den Beschränkungen des Absatzes 1 Satz 1 durch die Stiftungssatzung allgemein oder für den Einzelfall befreit werden.

## Art. 23

[1]Die Stiftungsaufsichtsbehörde ist befugt, im Namen der Stiftung den Anspruch auf Schadenersatz gegen Mitglieder der Stiftungsorgane gerichtlich geltend zu machen, sofern dies nicht binnen angemessener Frist durch das zuständige Organ der Stiftung selbst geschieht. [2]Art. 21 Abs. 3 gilt entsprechend.

## Art. 24

[1]Vor Beginn eines jeden Geschäftsjahres soll die Stiftung einen Voranschlag aufstellen, der die Grundlage für die Verwaltung aller Einnahmen und Ausgaben bildet. [2]Durch die Stiftungssatzung kann auf die Aufstellung eines Voranschlags verzichtet werden.

## Art. 25

(1) [1]Die Stiftungen sind zu einer ordnungsgemäßen Buchführung verpflichtet. [2]Die Buchführungsart können sie im Rahmen der gesetzlichen Bestimmungen selbst wählen.

(2) [1]Nach Ablauf des Geschäftsjahres ist innerhalb von sechs Monaten ein Rechnungsabschluss zu erstellen und mit einer Vermögensübersicht sowie einem Bericht über die Erfüllung des Stiftungszwecks der Stiftungsaufsichtsbehörde vorzulegen. [2]Diese hat die Rechnung zu prüfen und zu verbescheiden. [3]Die Prüfung kann sich auf Stichproben beschränken, wenn aufgrund vorausgegangener Prüfungen eine umfassende Prüfung nicht erforderlich erscheint. [4]Die Stiftungsaufsichtsbehörde kann bei Stiftungen, die jährlich im Wesentlichen gleichbleibende Einnahmen und Ausgaben aufweisen, die Prüfung der Rechnungen für mehrere Jahre zusammenfassen.

(3) [1]Wird eine Stiftung durch verwaltungseigene Stellen der staatlichen Rechnungsprüfung, einen Prüfungsverband, einen Wirtschaftsprüfer oder eine andere zur Erteilung eines gleichwertigen Bestätigungsvermerks befugte Person oder Gesellschaft geprüft, so muss sich die Prüfung auch auf die Erhaltung des Stiftungsvermögens und die satzungsgemäße Verwendung seiner Erträge und etwaiger zum Verbrauch bestimmter Zuwendungen erstrecken. [2]In diesem Fall sieht die Stiftungsaufsichtsbehörde von einer eigenen Prüfung ab und verbescheidet die Jahresrechnung unter Würdigung des Prüfungsberichts.

(4) [1]Die Stiftungsaufsichtsbehörde kann verlangen, dass eine Stiftung durch Wirtschaftsprüfer oder andere zur Erteilung eines gleichwertigen Bestätigungsvermerks befugte Personen oder Gesellschaften geprüft wird. [2]Der Prüfungsauftrag muss sich auch auf die Erhaltung des Stiftungsvermögens und die satzungsgemäße Verwendung seiner Erträge und etwaiger zum Verbrauch bestimmter Zuwendungen erstrecken. [3]Liegt eine entsprechende Bescheinigung vor, so gilt Absatz 3 Satz 2 entsprechend.

## Art. 26

Ist das Vermögen einer Stiftung so erheblich geschwächt, dass die nachhaltige Erfüllung des Stiftungszwecks beeinträchtigt wird, so kann die Stiftungsaufsichtsbehörde anordnen, dass der Ertrag des Stiftungsvermögens ganz oder teilweise so lange anzusammeln ist, bis die Stiftung wieder leistungsfähig geworden ist.

## Art. 27

(1) [1]Der Genehmigung der Stiftungsaufsichtsbehörde bedürfen

1. die Annahme von Zustiftungen, die mit einer Last verknüpft sind, welche nachhaltig den Wert der Zustiftung übersteigt, oder die einem erweiterten oder anderen Zweck als die Hauptstiftung dienen;
2. die Veräußerung oder wesentliche Veränderung von Sachen, die einen besonderen wissenschaftlichen, geschichtlichen oder künstlerischen Wert haben;
3. der Abschluss von Bürgschaftsverträgen und verwandten Rechtsgeschäften, die ein Einstehen für fremde Schuld zum Gegenstand haben.

[2]Was in Satz 1 für die Veräußerung oder sonstige Verfügung bestimmt ist, gilt auch für die Eingehung einer Verpflichtung zu einer solchen Verfügung. [3]Soweit eine wesentliche Veränderung im Sinn von Satz 1 Nr. 2 ein Baudenkmal, ein Bodendenkmal oder ein eingetragenes bewegliches Denkmal betrifft, enthält eine hierfür nach dem Denkmalschutzgesetz erforderliche Erlaubnis oder eine an deren Stelle tretende Baugenehmigung oder baurechtliche Zustimmung zugleich die Genehmigung nach Satz 1 Nr. 2.

(2) [1]Der Stiftungsaufsichtsbehörde sind rechtzeitig vorher anzuzeigen

1. die Aufnahme eines Darlehens, sofern es nicht zur Schuldentilgung dient oder zur Bestreitung fälliger Ausgaben erforderlich ist und innerhalb des gleichen Geschäftsjahres aus laufenden Einnahmen wieder getilgt werden soll,
2. Rechtsgeschäfte, die mit einem Gesamtkostenaufwand von mehr als 20 v.H., mindestens aber 100 000 € oder bei jährlich wiederkehrenden Leistungen von mehr als zehn v.H., mindestens aber 70 000 € der Erträge aus der Verwaltung des Stiftungsvermögens verbunden sind, die in der nach Art. 25 zuletzt verbeschiedenen oder überprüften Jahresrechnung ausgewiesen sind; das gilt nicht für Vermögensumschichtungen im Rahmen einer ordnungsgemäßen Vermögensverwaltung (Art. 11 Abs. 2 Satz 1),

3. Rechtsgeschäfte, an denen ein Mitglied eines Stiftungsorgans oder eine im Dienst der Stiftung stehende Person beteiligt ist; das gilt nicht, soweit eine Befreiung nach Art. 22 Abs. 2 vorgesehen ist.

[2]Erhebt die Stiftungsaufsichtsbehörde nicht binnen eines Monats Einwendungen, können die angezeigten Rechtsgeschäfte vollzogen werden. [3]Für Rechtsgeschäfte nach Satz 1 soll die Stiftungsaufsichtsbehörde allgemein auf eine Anzeige verzichten, wenn es die ordnungsgemäße Verwaltung einer Stiftung erfordert.

## Dritter Abschnitt
## Kommunale Stiftungen

### Art. 28

(1) Örtliche, kreiskommunale und bezirkskommunale Stiftungen (kommunale Stiftungen) sind solche, deren Zweck im Rahmen der jeweiligen kommunalen Aufgaben liegt und nicht wesentlich über den räumlichen Umkreis der Gebietskörperschaft hinausreicht.

(2) Die Vertretung und Verwaltung der kommunalen Stiftungen obliegt, soweit nicht durch Satzung anderes bestimmt ist, den für die Vertretung und Verwaltung der Gemeinden, Landkreise und Bezirke zuständigen Organen.

(3) [1]Für die von Gemeinden, Landkreisen und Bezirken verwalteten kommunalen Stiftungen gelten vom Ersten Abschnitt dieses Gesetzes nur die Art. 1 bis 13 und 15 bis 17. [2]Vom Zweiten Abschnitt dieses Gesetzes gelten für diese Stiftungen nur die Art. 18 Abs. 1 und 2, Art. 19, 20, 22, 26 und 27 Abs. 1 Satz 1 Nr. 1 und Satz 2, Abs. 2 Satz 1 Nm. 2 und 3, Sätze 2 und 3 mit der Maßgabe, dass an die Stelle der Stiftungsaufsichtsbehörde die Rechtsaufsichtsbehörde tritt. [3]Für diese Stiftungen gelten im Übrigen die Vorschriften über die Gemeindewirtschaft, die Landkreiswirtschaft und die Bezirkswirtschaft mit Ausnahme des Art. 62 Abs. 1 und der Art. 77 bis 85 der Gemeindeordnung, des Art. 56 Abs. 1 und der Art. 71 bis 73 der Landkreisordnung und des Art. 54 Abs. 1 und der Art. 69 bis 71 der Bezirksordnung entsprechend.

### Art. 29

(1) [1]Kirchliche Stiftungen im Sinn dieses Gesetzes sind Stiftungen, die ausschließlich oder überwiegend kirchlichen Zwecken der katholischen, der evangelisch-lutherischen oder der evangelisch-reformierten Kirche gewidmet sind und

1. von einer Kirche errichtet sind oder
2. nach dem Willen des Stifters organisatorisch mit einer Kirche verbunden oder ihrer Aufsicht unterstellt sein sollen.

[2]Kirchliche Stiftungen sind insbesondere die ortskirchlichen Stiftungen und die Pfründestiftungen.

9

(2) Eine Stiftung wird nicht schon dadurch zu einer kirchlichen, dass ein kirchlicher Amtsträger als Stiftungsorgan bestellt ist oder dass satzungsgemäß nur Angehörige einer bestimmten Konfession von der Stiftung begünstigt werden.

## Art. 30

(1) [1]Eine kirchliche Stiftung ist auf Antrag der betreffenden Kirche zu genehmigen, wenn die nachhaltige Erfüllung des Stiftungszwecks aus dem Ertrag des Stiftungsvermögens gesichert erscheint oder von der betreffenden Kirche gewährleistet wird. [2]Eine Stiftung darf nur mit Zustimmung der betreffenden Kirche als kirchliche Stiftung genehmigt werden.

(2) Kirchliche Stiftungen dürfen nur im Einvernehmen mit der betreffenden Kirche umgewandelt oder aufgehoben werden.

(3) [1]Im Übrigen finden auf die kirchlichen Stiftungen die Vorschriften des Ersten Abschnitts dieses Gesetzes Anwendung; in Art. 6 tritt an die Stelle der Regierung das Staatsministerium für Unterricht und Kultus, in Art. 9 Abs. 3 Satz 1 an die Stelle der Regierung die zuständige kirchliche Behörde. [2]Die Ergänzung der Satzung einer kirchlichen Stiftung bei ihrer Genehmigung (Art. 9 Abs. 2 Satz 3) bedarf der Zustimmung der zuständigen kirchlichen Behörde.

## Art. 31

(1) [1]Die kirchlichen Stiftungen unterstehen der Aufsicht der betreffenden Kirche. [2]Der Erlass allgemeiner Vorschriften über Namen, Sitz, Zweck, Vertretung, Verwaltung und Beaufsichtigung kirchlicher Stiftungen ist Aufgabe der Kirchen.

(2) Die bestehenden Vorschriften über die staatliche Betreuung kirchlicher Gebäude im Rahmen einer dem Staat obliegenden Baupflicht bleiben unberührt.

## Art. 32

Die Vorschriften dieses Titels gelten in gleicher Weise für die entsprechenden Stiftungen der israelitischen Kultusgemeinden, der sonstigen Religionsgemeinschaften und der weltanschaulichen Gemeinschaften, sofern sie Körperschaften des öffentlichen Rechts in Bayern sind.

## 2. Titel
## Reichnisse

## Art. 33

Die bestehenden Verpflichtungen zur Leistung besonderer Reichnisse in Geld oder Naturalien an Geistliche oder weltliche Kirchendiener bleiben unberührt.

## Art. 34

(1) [1]Bei öffentlich-rechtlichen Reichnissen, die aus gewissen Anwesen zu entrichten sind, ist jeder Eigentümer des Anwesens leistungspflichtig, sofern er Bekenntnisangehöriger oder juristische Person ist oder der Ehegatte oder wirtschaftlich unselbständige Kinder von ihm Bekenntnisangehörige sind und in Hausgemeinschaft mit ihm leben. [2]Vorbehaltlich der Bestimmung des Absatzes 2 tritt eine Leistungspflicht nicht ein für juristische Personen, an denen nachweisbar ausschließlich Angehörige der gleichen Kirche beteiligt sind, gegenüber einem fremden Bekenntnis.

(2) Angehörige eines fremden Bekenntnisses sind nur dann reichnispflichtig, wenn sich dies aus einem besonderen Rechtsverhältnis ergibt, oder wenn das Reichnis die Gegenleistung für eine Verrichtung ist, bezüglich deren ein gemeinschaftlicher Genuss besteht.

## Art. 35

(1) Öffentlich-rechtliche Natural- und jährlich wechselnde Geldreichnisse können durch Vereinbarung des Reichnispflichtigen und des Reichnisberechtigten abgelöst oder in ein festes jährliches Geldreichnis umgewandelt werden.

(2) Öffentlich-rechtliche feste Geldreichnisse können durch den Reichnispflichtigen mit dem zur Zeit der Ablösung geltenden Kapitalisierungsfaktor des Bewertungsgesetzes abgelöst werden.

(3) Der Reichnisverpflichtete kann verlangen, dass Sachreichnisse in feste Geldreichnisse umgewandelt werden; der Wert des Geldreichnisses ist auf der Grundlage des durchschnittlichen Jahreswertes des Sachreichnisses in den letzten fünf Jahren zu ermitteln.

## Art. 36

Wenn ein Anwesen, das die Grundlage einer öffentlich-rechtlichen Reichnispflicht bildet, zertrümmert oder unter Beseitigung der Hofstätte anderweitig aufgelöst wird, oder wenn durch Abtrümmerung die Leistungsfähigkeit des Eigentümers hinsichtlich der in Frage stehenden Lasten gefährdet wird, ist der Eigentümer ohne Rücksicht auf Bekenntniszugehörigkeit auf Verlangen des Reichnisberechtigten zur Ablösung verpflichtet.

## Art. 37

(1) [1]Die in einer Kirchengemeinde bestehenden Verpflichtungen zu öffentlich-rechtlichen Reichnissen können nach Einvernahme der Berechtigten von der Kirchengemeinde übernommen und in entsprechender Anwendung des Art. 35 umgewandelt oder abgelöst werden. [2]Die beteiligten Reichnispflichtigen sind von der Beratung und Abstimmung nicht ausgeschlossen.

(2) Bei Übernahme der Verpflichtungen auf die Kirchenstiftung findet Art. 35 entsprechende Anwendung.

11

(3) [1]Wenn der Fortbestand der Reichnisse eine in hohem Maß unbillige Belastung in sich schließt, hat die Kirchengemeinde auf Antrag der Mehrheit der Reichnispflichtigen die Verpflichtungen zu übernehmen. [2]Diese sind dann umzuwandeln oder abzulösen (Art. 35).

## Art. 38

(1) Stiftungen, die bisher rechtsfähig waren, behalten ihre Rechtsstellung bei.

(2) Ist die Rechtsstellung oder die Art einer Stiftung strittig, so entscheidet das nach Art. 18 Abs. 2 zuständige Staatsministerium, im Zweifel das Staatsministerium des Innern.

(3) Stiftungen, die nach *Art. 5 Abs. 4 der Kirchengemeindeordnung vom 24. September 1912 (GVBl S. 911)* bisher durch kirchliche Organe verwaltet wurden, gelten weiterhin als kirchliche Stiftungen im Sinn dieses Gesetzes.

(4) Ausschließlich oder überwiegend kirchlichen oder religiösen Zwecken der katholischen, der evangelisch-lutherischen oder der evangelisch-reformierten Kirche gewidmete Stiftungen, welche bis zum 1. Januar 1996 satzungsgemäß von einer Behörde des Staates, einer Gemeinde oder eines Gemeindeverbands zu verwalten sind, gelten weiterhin nicht als kirchliche Stiftungen.

## Art. 39

**(aufgehoben durch § 1 Nr. 84 des Gesetzes vom 07.08.2003, GVBl S. 497)**

## Art. 40

Die Vorschriften dieses Gesetzes können durch die Satzung einer Stiftung weder eingeschränkt noch ausgeschlossen werden, soweit dies nicht in diesem Gesetz ausdrücklich zugelassen ist.

## Art. 41

Mit Ausnahme der Maßnahmen nach Art. 20 Abs. 3 und 5 sowie der Rechnungsprüfung nach Art. 25 Abs. 2 sind Amtshandlungen bei öffentlichen Stiftungen nach diesem Gesetz kostenfrei.

## Art. 42

Die obersten Stiftungsaufsichtsbehörden (Art. 18 Abs. 2 Satz 1) werden ermächtigt, durch Rechtsverordnung
1. das Verfahren bei der Genehmigung von Stiftungen, Satzungsänderungen sowie genehmigungs- und anzeigepflichtigen Handlungen zu regeln,
2. die Mitwirkungspflichten der Stiftungen bei der Rechnungsprüfung nach Art. 25, insbesondere die vorzulegenden Nachweise und Belege festzulegen,
3. die Berufung und die Zusammensetzung des Landesausschusses für das Stiftungswesen zu bestimmen.

**Art. 43**

(1) Dieses Gesetz tritt am 1. Januar 1955 in Kraft.*)

(2) [1](*Satz 1 gegenstandslos*). [2]Die übrigen bisher geltenden Vorschriften über die Auflösung und das Erlöschen der Fideikommisse und sonstiger gebundener Vermögen und über den Waldschutz bei der Fideikommissauflösung bleiben unberührt.

---

*) Diese Vorschrift betrifft das In-Kraft-Treten des Gesetzes in der ursprünglichen Fassung vom 26. November 1954 (GVBl S. 301). Der Zeitpunkt des Inkrafttretens der späteren Änderungen ergibt sich aus den jeweiligen Änderungsgesetzen. Vorstehend ist der Wortlaut des Bayerischen Stiftungsgesetzes in der ab 1. September 2001 geltenden Fassung wiedergegeben.

# Verordnung zur Ausführung des Bayerischen Stiftungsgesetzes (AVBayStG)
(BayRS 282-1-1-1-UK/WFK)
In der Fassung der Bekanntmachung
vom 19. Dezember 2001 (GVBl 2002 S. 23)

Auf Grund des Art. 44*) des Bayerischen Stiftungsgesetzes (BayStG) in der Fassung der Bekanntmachung vom 7. März 1996 (GVBl S. 126, BayRS 282-1-1-UK/WFK) erlassen die Bayerischen Staatsministerien des Innern, für Wissenschaft, Forschung und Kunst und für Unterricht und Kultus folgende Verordnung:

---

*) Jetzt: Art. 42. Die nachstehend bekannt gemachte Fassung der Verordnung beruht allerdings noch auf Art. 44 BayStG in der Fassung der Bekanntmachung vom 7. März 1996.

# § 1

## Anträge auf Genehmigung einer Stiftung

(1) [1]Der Antrag auf Genehmigung einer Stiftung ist bei der nach Art. 6 BayStG zuständigen Regierung zu stellen. [2]Dem Antrag sind beizufügen:

1. die Urkunde über die Errichtung der Stiftung (Stiftungsgeschäft); das Stiftungsgeschäft muss erkennen lassen, dass der Stifter eine rechtsfähige Stiftung errichten will,
2. die Stiftungssatzung,
3. ausreichende Nachweise oder Sicherheiten über die Bereitstellung des Stiftungsvermögens.

[3]Die Regierung berät und unterstützt den Stifter im Antragsverfahren für eine öffentliche Stiftung nach Art. 1 Abs. 3 BayStG. [4]Sie kann die Vorlage weiterer Unterlagen und Nachweise verlangen, die für die Beurteilung der Genehmigungsfähigkeit der Stiftung erforderlich sind.

(2) Die Regierung hat eine Äußerung des zuständigen Finanzamts einzuholen, wenn die Stiftung als steuerbegünstigt im Sinn der Abgabenordnung anerkannt werden soll, soweit die Äußerung dem Antrag nicht bereits beiliegt.

(3) [1]Der Antrag auf Genehmigung einer kirchlichen Stiftung nach Art. 29 BayStG ist beim Staatsministerium für Unterricht und Kultus zu stellen; Absätze 1 und 2 gelten entsprechend. [2]Wird der Antrag von der betreffenden Kirche gestellt, soll die Äußerung des zuständigen Finanzamts nach Absatz 2 dem Antrag beigefügt werden.

(4) Stiftungen von Todes wegen sind erst zu genehmigen, wenn die letztwillige Verfügung eröffnet ist.

## § 2

## Anträge auf Genehmigung der Änderung oder Neufassung einer Stiftungssatzung

(1) [1]Der Antrag auf Genehmigung der Änderung oder Neufassung einer Stiftungssatzung ist von der Stiftung bei der zuständigen Regierung zu stellen. [2]Dem Antrag sind eine Begründung, der Beschluss des zuständigen Stiftungsorgans sowie gegebenenfalls eine Äußerung des zuständigen Finanzamts beizufügen; die Äußerung kann die Regierung im Genehmigungsverfahren auch selbst einholen. [3]§ 1 Abs. 1 Satz 4 gilt entsprechend.

(2) Der Antrag auf Genehmigung der Änderung oder Neufassung der Satzung einer kirchlichen Stiftung nach Art. 29 BayStG ist unmittelbar bei der zuständigen kirchlichen Behörde zu stellen.

## § 3

## Anträge auf Genehmigung und Anzeigen nach Art. 27 BayStG

(1) [1]Anträge auf Genehmigungen nach Art. 27 Abs. 1 BayStG sind von der Stiftung rechtzeitig vor Abschluss des zu genehmigenden Vorgangs bei der zuständigen Stiftungsaufsichtsbehörde zu stellen; der Vorgang ist in Umfang und Auswirkung ausreichend darzulegen. [2]Der Beschluss des zuständigen Stiftungsorgans ist vorzulegen; § 1 Abs. 1 Satz 4 gilt entsprechend.

(2) [1]Für Anzeigen nach Art. 27 Abs. 2 gilt Absatz 1 entsprechend. [2]Einen allgemeinen Verzicht nach Art. 27 Abs. 2 Satz 3 sollen die Stiftungsaufsichtsbehörden insbesondere bei Stiftungen mit erheblichem Stiftungsvermögen und bei wiederkehrenden Leistungen und Rechtsgeschäften erklären.

## § 4

## Buchführung und Rechnungsprüfung

(1) [1]Im Fall des Art. 25 Abs. 2 BayStG hat die Stiftung vorzulegen:

1. die Jahresrechnung,

2. eine Vermögensübersicht,
3. einen Bericht über die Erfüllung des Stiftungszwecks,
4. die zur Überprüfung der Nummern 1 bis 3 erforderlichen Buchführungsunterlagen, Belege und Nachweise,
5. den Beschluss des zuständigen Stiftungsorgans über die Genehmigung der Jahresrechnung.

$^2$Die Unterlagen müssen eine umfassende Prüfung ermöglichen.

(2) Der Prüfungsbericht gemäß Art. 25 Abs. 3 Satz 2 BayStG muss enthalten:

1. die Jahresrechnung,
2. eine Vermögensübersicht,
3. einen Bericht über die Erfüllung des Stiftungszwecks,
4. das Prüfungsergebnis und den Bestätigungsvermerk mit der Feststellung, ob die Grundsätze ordnungsgemäßer Buchführung eingehalten worden sind, das Stiftungsvermögen in seinem Bestand ungeschmälert geblieben ist und die Erträge und sonstigen Stiftungsmittel satzungsgemäß verwendet worden sind.

## § 5

## Landesausschuss für das Stiftungswesen

(1) Der Landesausschuss für das Stiftungswesen setzt sich aus zwölf Persönlichkeiten zusammen, die mit dem Stiftungswesen besonders vertraut sind.

(2) $^1$Die Mitglieder des Landesausschusses repräsentieren die Vielfalt des bayerischen Stiftungswesens nach Art, Größe und regionalem Wirkungskreis. $^2$Ihm gehören insbesondere Vertreter der Kirchen, der kommunalen Gebietskörperschaften, der die Interessen der Stiftungen vertretenden Organisationen und Verbände, der Wissenschaft und der beratenden Berufe an. $^3$Die Mehrzahl der Mitglieder des Landesausschusses soll in Stiftungsorganen tätig sein.

(3) $^1$Die Mitglieder des Landesausschusses werden vom Staatsministerium für Wissenschaft, Forschung und Kunst im Einvernehmen mit den Staatsministerien des Innern und für Unterricht und Kultus berufen. $^2$Dazu benennen

- je ein Mitglied die Katholische Kirche, die Evangelisch-Lutherische Landeskirche, der Bayerische Städtetag, der Bayerische Gemeindetag und der Bundesverband Deutscher Stiftungen,
- drei Mitglieder der Landesausschuss für das Stiftungswesen,
- vier Mitglieder die obersten Stiftungsaufsichtsbehörden.

(4) $^1$Die Berufung in den Landesausschuss erfolgt auf die Dauer von fünf Jahren. $^2$Erneute Berufung ist zulässig. $^3$Die Mitgliedschaft im Landesausschuss endet

- durch Niederlegung, die jederzeit möglich ist,

15

- durch Abberufung durch das Staatsministerium für Wissenschaft, Forschung und Kunst im Einvernehmen mit den Staatsministerien des Innern und für Unterricht und Kultus; der Landesausschuss ist vorher zu hören.

(5) Über beabsichtigte Änderungen stiftungsrechtlicher Vorschriften ist der Landesausschuss durch die obersten Stiftungsaufsichtsbehörden rechtzeitig und umfassend zu informieren.

(6) [1]Die Mitglieder des Landesausschusses sind ehrenamtlich tätig. [2]Sie erhalten nach Maßgabe des Haushalts Reisekostenvergütungen für die Wahrnehmung der Sitzungstermine des Landesausschusses.

(7) Der Landesausschuss für das Stiftungswesen gibt sich eine Geschäftsordnung.

## § 6

## In-Kraft-Treten, Außer-Kraft-Treten

(1) Diese Verordnung tritt am 1. August 1999 in Kraft.*)

(2) Mit Ablauf des 31. Juli 1999 tritt die Verordnung zur Ausführung des Stiftungsgesetzes - AVStG - (BayRS 282-1-1-1-UK/WFK) außer Kraft.

---

*) Diese Vorschrift betrifft das In-Kraft-Treten der Verordnung in der ursprünglichen Fassung vom 15. Juli 1999 (GBVI S. 346). Der Zeitpunkt des In-Kraft-Tretens der späteren Änderung ergibt sich aus dem Gesetz zur Änderung des Bayerischen Stiftungsgesetzes vom 24. Juli 2001 (GVBl S. 349).

**Bavarian Law on Foundations (BayStG)**
(BayRS 282-1-1-UK/WFK)
in the version of the announcement
of December 19, 2001 (GVBl 2002 p. 10)
amended by § 1 No. 84 of the law of 8/7/2003, GVBl p. 497 (3rd Repeal Law)

**First Section**
**General Terms**

**Art. 1**

(1) In the sense of this law foundations are the foundations capable of holding rights under civil law and public law.

(2) Foundations under public law in the sense of this law are foundations that pursue exclusively public purposes and stand in an organic connection with the state, a community, a community group or another corporation or institution under public law, which (connection) makes the foundation itself into a public institution.

(3) [1]Public foundations in the sense of this law are foundations capable of holding rights under civil law that do not pursue exclusively private purposes and foundations capable of holding rights under public law. [2]Public purposes are considered to be purposes that serve religion, science, research, education, instruction, training, art, preservation of historic monuments, preservation of the homeland, the protection of the natural bases of life, athletics, social tasks and purposes that otherwise serve the public good.

**Art. 2**

(1) Respect for the founder's wishes is the supreme guideline in the administration of this law.

(2) Foundations have a right to their existence and their name.

**1. Title**
**Origin of Foundations, List of Foundations**

**Art. 3**

A foundation under civil law originates through the business of founding and the approval based upon §§ 80 to 84 of the Code of Civil Law and of Art. 5 and 6 of this law.

1

### Art. 4

[1]A foundation under public law originates through the act of founding and the approval in corresponding application of §§ 80 to 84 of the Code of Civil Law and based upon Art. 5 and 6 of this law. [1]The approval does not apply if the foundation is established by law or the Free State of Bavaria is the founder or co-founder.

### Art. 5

[1]With sentence 2 reserved, there exists a legal claim to issuance of approval. [2]The approval is to be denied if

1. the foundation is to pursue an illegal purpose or one that endangers the common good,
2. the lasting fulfillment of the foundation's purpose seems not to be assured from the income from the foundation's property or
3. another requirement based upon legal rules for establishing a foundation is not fulfilled.

### Art. 6

The Government in the district of which the foundation is to have its headquarters issues the approval required for the origin of a foundation.

### Art. 7

[1]If a foundation has achieved legal capacity, its origin is to be announced by the authorities granting approval in the "Bayerischer Staatsanzeiger." [2]The announcement includes the following information:

1. name of the foundation,
2. legal position and type,
3. headquarters,
4. purpose,
5. organs of the foundation,
6. legal representation,
7. founder's name
8. time of origin
9. address of the foundation's management.

[3]Upon petition by the founder the publication of his name is to be waived.

### Art. 8

(1) The Provincial Agency for Statistics and Data Processing maintains a generally accessible list of the foundations capable of holding rights in Bavaria with the exception of ecclesiastical foundations (List of Foundations).

(2) [1]Every foundation is to be included in the List of Foundations with information according to Art. 7 Sentence 2 in combination with Sentence 3. [2]The foundations must communicate changes to this information immediately to the approval authorities.

(3) The approval authorities forward to the Provincial Office for Statistics and Data Processing all information that is necessary for maintaining the List of Foundations.

## 2. The Title
## Statutes of Foundations

### Art. 9

(1) [1]Each foundation must have a set of statutes. [2]Insofar as they are not based on law, the statutes are determined by the act of founding or the business of founding.

(2) [1]The statutes must contain provisions about the name, legal position and kind, headquarters, purpose, property and organs of the foundation as well as the use of the foundation's income. [2]In case of foundations under public law with capacity to act as an employer, the responsibility for appointing and discharging officials is to be determined as well. [3]During the approval of the foundation, the statutes can be supplemented by the approval authorities, but during the founder's lifetime only with his consent.

(3) [1]The amendment of the foundation's statutes requires approval by the Government. [2]Art. 4 Sentence 2 applies correspondingly.

### Art. 10

(1) For foundations under civil law § 86 of the Codex of Civil Law applies.

(2) [1]The rules of §§ 26, 27 Para. 3, § 28 Para. 1 and § 30 of the Code of Civil Law are correspondingly applicable to foundations under public law, the rules of § 27 Para. 3 and of § 28 Para. 1, however, only insofar as nothing else follows from the statutes. [2]In addition § 89 of the Civil Law Code applies to them.

## 3. Title
## Management of Foundations

### Art. 11

(1) [1]The property that has been dedicated to the foundation in order that to fulfill the foundation's purpose in a lasting way from its income (foundation's property) is to be preserved undiminished in its continued existence. [2]It is to be kept separate from other property.

3

(2) The foundation's property is to be managed securely and economically. [2]Within the framework of Sentence 1, the proceeds from sale of real estate are to be reinvested in real estate.

## Art. 12

[1]The foundations' property may under no pretext be incorporated in the property of the state, of a community, of a community group or another corporation or institution under public law. [2]The accrual of property of annulled foundations to those designated in the foundation's statutes or to other persons is not thereby affected.

## Art. 13

[1]The income from the foundation's property and any donations intended for use may only be used according to the foundation's purpose. [2]The addition of proceeds to the foundation's property in order to preserve its value, is unaffected by this rule.

## Art. 14

[1]The members of the foundation's organs are obliged to conscientious and frugal management. [2]Members of the organs who intentionally or with reckless abandon violate their obligations are obliged to indemnify the foundation for the damage thus caused. [2]If responsibility for the damage incurred is shared severally by more than one member of the organs, they are jointly liable debtors.

## Title 4
## Change and Dissolution of Foundations
## Art. 15

(1) [1]§§ 87 and 88 of the Code of Civil Law apply to the change and dissolution of foundations under civil law. [2]These terms find corresponding application to foundations under public law.

(2) During the founder's lifetime, he is to be given a hearing before the foundation is dissolved or changed.

(3) The approval authorities are the responsible authority in the sense of § 87 of the Code of Civil Law.

## Art. 16

(1) [1]The change of foundations can also be done by amalgamation of several foundations of similar type, in case of which one of the requirements set out in § 87 Para. 1 of the Code of Civil Law is present. [2]By the amalgamation the new foundation attains the capacity to hold legal rights. [3]If the new foundation is dissolved, the amalgamated foundations are not revived.

4

(2) Art. 7 Sentence 1 applies accordingly in case of the amalgamation and dissolution of foundations.

## Art. 17

(1) If no person entitled to accrual (of property) is designated in case of a foundation's dissolution, the property of a general foundation accrues to the fisc, that of a community foundation (Art. 28) to the corresponding regional corporation and that of an ecclesiastical foundation (Art. 29) to the corresponding church; in this connection the rules about a legacy accruing to the fisc as legal heir find corresponding application.

(2) [1]If the property accrues to the fisc, the approval authority, if it accrues to a community regional corporation and to a church the respective responsible organ must use the property, insofar as possible, in a manner corresponding to the foundation's purpose. [2]If possible, it is to be given to another foundation with similar stated purpose. [3]In the process the social and confessional affiliation of the dissolved foundation is to be taken into account.

## Second Section
## Regulation of Foundations

## Art. 18

(1) [1]Public foundations (Art. 1 Para. 3) are subject, with the exception of foundations managed by the state, to the legal regulation of the state (regulation of foundations); the Fourth Section of this law is unaffected. [2]The Governments are the regulatory authorities of foundations.

(2) [1]The following bear responsibility as supreme foundation regulatory authorities:

1. the State Ministry for Science, Research and Art for foundations that are dedicated to science, research, art, the preservation of historic monuments or preservation of the homeland,
2. the State Ministry for Instruction and Education and the Arts for foundations that are dedicated to education, instruction, training or athletics,
3. the State Interior Ministry for all other foundations.

[2]If a foundation pursues various purposes, the foundation's main purpose is decisive; if private and public purposes are combined, the public or the chiefly public purposes are decisive.

(3) [1]The Provincial Board for Foundations, composed of the supreme foundation regulatory authorities, has the task of advising them and the foundation regulatory authorities. [2]In addition, it (the Board) is obliged to promote and cultivate foundations.

5

## Art. 19

The foundation regulatory authorities are to offer foundations understanding advice in the fulfillment of their tasks, promote and protect foundations and strengthen the decision-making power and the self-government of the foundations' organs.

## Art. 20

(1) [1]The foundation regulatory authority has oversight over the orderly and timely provision for the foundation. [2]It takes care that the foundation's affairs are looked after in accord with law and the foundation's statutes. [3]In the process it checks in particular the preservation of the foundation's property as well as the use of its income and of any donations intended for use according to the statutes.

(2) The composition of the foundation's organs and any changes are to be communicated immediately to the foundation regulatory authority.

(3) [1]The foundation regulatory authority is entitled to apprise itself of the foundation's affairs. [2]It can in particular visit the foundation's buildings and events, check its conduct of business and bookkeeping or conduct large-scale audits as well as demand reports and files.

(4) The foundation regulatory authority can lodge objection to illegal behavior of the foundation's organs and demand the taking or omission of corresponding measures.

(5) If the foundation fails to comply with the orders of the foundation regulatory authority within an appropriate deadline set for it, it (the regulatory authority) can decree and execute the necessary measures in lieu of the foundation.

## Art. 21

(1) [1]If a member of a foundation's organ has been guilty of gross violation of duty or is incapable of conducting business in an orderly fashion, the foundation regulatory authority can demand that this member be removed and a new one appointed. [2]It can simultaneously or later preliminarily exclude the member from the management and appoint an interim representative unless § 29 of the Code of Civil Law is applicable.

(2) If within an appropriate deadline set for it the foundation fails to comply with the order of the foundation regulatory authority according to Paragraph 1 Sentence 1, it (the authority) can decree the removal of the member and appoint another in his place.

(3) These provisions are inapplicable to foundations the management of which is conducted by a public authority.

6

## Art. 22

(1) [1]The organ generally responsible for representing the foundation cannot undertake legal business on its own in the name of the foundation or as representative of a third party unless the legal business consists exclusively in the fulfillment of an obligation. [2]The foundation regulatory authority must in each case appoint a special representative for such legal business.

(2) The organ generally responsible for representation can be exempted from the restrictions of Paragraph 1 Sentence 1 by the foundation's charter generally or for individual cases.

## Art. 23

[1]The foundation regulatory authority is entitled to lay claim in court to damages against members of the foundation's organs insofar as this has not been done within an appropriate deadline by the responsible organ of the foundation itself. [2]Art. 21 Para. 3 applies accordingly.

## Art. 24

[1]Before the beginning of each business year the foundation is to draft an estimate that will form the basis for the management of all income and expenditures. [2]The drafting of an estimate can be waived by the foundation's statutes.

## Art. 25

(1) [1]Foundations are obliged to keep proper books. [2]They can themselves choose the type of bookkeeping within the limits of the legal requirements.

(2) [1]Within six months after expiration of the business year a closing of accounts is to be produced and is to be presented to the foundation regulatory authority with an overview of the property and a report about the fulfillment of the foundation's purpose. [2]The foundation regulatory authority must audit and accept the account. [3]The audit can be confined to random checks if based upon previous audits a comprehensive check seems unnecessary. [4]In case of foundations that show essentially stable yearly income and expenditures, the foundation regulatory authority can combine the audit of accounts for several years.

(3) [1]If a foundation is audited by administrative authorities of the state auditing agency, an auditing association, a business accountant or another person or company authorized to issue an equivalent note of confirmation, the audit must also extend to the preservation of the foundation's property and the use according to the statutes of its income and of any donations intended for use. [2]In this case the foundation regulatory authority waives its own audit and accepts the annual account statement in acknowledgement of the audit report.

(4) [1]The foundation regulatory authority can demand that a foundation be audited by business auditors or other persons authorized to issue an equivalent note of confirmation. [2]The auditing commission must extend to the preservation of the foundation's property and the use according to the statutes of its earnings and of any donations designated for use. [3]If a corresponding certificate is to hand, Paragraph 3 Sentence 2 applies accordingly.

## Art. 26

If a foundation's property is so substantially weakened that the lasting fulfillment of the foundation's purpose is hampered, the foundation regulatory authority can order that the earnings of the foundation's property be completely or partially built up until the foundation has again become functional.

## Art. 27

(1) [1]The following require the approval of the foundation regulatory authority:

1. the acceptance of additional donations that have an obligation attached that permanently exceeds the value of the additional donation or that serve a wider or different purpose than the main foundation;
2. the sale or substantial alteration of objects that have a special scientific, historical or artistic value;
3. the concluding of deposit contracts and related legal business that have as their purpose the collateralization of another's debt.

[2]The rule given in Sentence 1 for the sale or other disposition also applies to the undertaking of an obligation for such disposition. [3]Insofar as a substantial change in the sense of Sentence 1 No. 2 bears upon a building monument, a ground monument or a registered movable monument, permission required according to the Monument Protection Act or an equivalent building approval or consent regarding building rights contains at the same time the approval according to Sentence 1 No. 2.

(2) [1]The foundation regulatory authorities are to be notified in good time in advance of:

1. the acceptance of a loan insofar as it does not serve to pay debts or is needed to meet expenditures that have fallen due and is to be paid again from current income within the same business year,
2. legal business that involves a total expenditure of more than 20% but at least 100,000 € or in the case of annually recurring expenditures of more than 10% but at least 70,000 € of the income from the management of the foundation's property, which (income) is proven in the annual report in the most recently accepted or audited according to Art. 25; this does not apply to property restructuring in the context of regular property administration (Art. 11 Para. 2 Sentence 1),

3. legal business in which a member of a foundation organ or a person who serves the foundation is involved; this does not apply insofar as an exemption is provided according to Art. 22 Para. 2.

[2]If the foundation regulatory authority does not raise objection within one month, the legal business of which notice has been given can be carried out. [3]For legal business according to Sentence 1 the foundation regulatory authority should generally waive notification if the orderly management of a foundation requires it.

**Third Section**
**Local Foundations**

**Art. 28**


**Art. 29**

**Art. 30**

**Art. 31**

**Art. 32**

**2nd Title
Allowances**

**Art. 33**

**Art. 34**

**Art. 35**

**Art. 36**

**Art. 37**

**Art. 38**

**Art. 39**
**(repealed by § 1 No. 84 of the law of 8/7/2003, GVBl p. 497)**

**Art. 40**

**Art. 41**

**Art. 42**

**Art. 43**

**Directive for the Execution of the Bavarian
Foundation Act (AVBayStG)**
(BayRS 282-1-1-1-UK/WFK)
in the version of the announcement
of December 19, 2001 (GVBl 2002 p. 23)

**§ 1
Petitions for Approval of a Foundation**

§ 2
**Petitions for Approval of an Amendment or New Version of a
Foundation's Statutes**

§ 3
**Petitions for Approval and Notifications according to Art. 27 BayStG**

§4
**Bookkeeping and Auditing**

14

§ 5
**Provincial Board for Foundations**

15

§ 6
**Taking Effect, Going out of Effect**

16

 

**LEGAL LANGUAGE SERVICES**

| | |
|---|---|
| An affiliate of ALS International | Telephone  (212) 766-4111 |
| 18 John Street | Toll Free    (800) 788-0450 |
| Suite 300 | Telefax      (212) 349-0964 |
| New York, NY 10038 | www.legallanguage.com |

June 9, 2008

To whom it may concern:

This is to certify that the attached translation from German into English is an accurate representation of the document received by this office. This document is designated as:

***Bavarian Law on Foundations***

George Alves, Manager of Translation Services of this company, certifies that Andrew Dyck, who translated this document, is fluent in German and standard North American English and is qualified to translate.

He attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."

_____
Signature of George Alves

Subscribed and sworn to before me this 9th day of June, 2008

_____
Rosemary Diaz
Notary Public, State of New York
No. 01DI6077317
Certificate filed in New York County
Qualified in Kings County
Commission Expires July 8, 2010

Sincerely,

Victor J. Hertz
President & CEO

(1) Local, district and regional foundations (municipal foundations) are foundations which do not exceed the purpose of the designated municipal duties and for the most part remains within a designated area.

(2) Representation and administration of a municipal foundation is responsibility of the designated communities, counties and regions unless representation and administration has been otherwise delegated by the charter of the foundation.

(3) 1. For municipal foundations represented and managed by communities, counties and regions only the following articles of the first section of the by-laws are applicable: Art 1- 13 and 15 -17. 2. Within the second section, only Art. 18, paragraphs 1-2, Art. 19, 20, 22, 26 and 27 Paragraph 1, Sentence 1, Number 1, and Sentence 2, Paragraph 2, Sentence 1 Numbers 2 and 3, Sentences 2 and 3 are applicable provided that the foundation board of control is superseded by the legal board of control. 3. Overall, for these foundations the regulations of the community economics, county economics and regional economics apply with exception to Art. 62 paragraph 1 and Art. 77 - 85 of the community order, of Art. 58 paragraph 1 and Art. 71 to 73 of the county order, as well as Art. 54 paragraph 1 and Art. 69 to 71 of the regional order.

(1) 1. Ecclesiastical foundations are classified in this by-law as foundations that exclusively or predominately serve an ecclesiastical purpose for the Catholic or Lutheran Protestant Church or the reformed Protestant Church and
    1. are established by a church or
    2. are connected with a church or under church supervision as designated by the founder.

2. Ecclesiastical foundations are primarily local church foundations or benefice foundations.

(2) A foundation is not automatically classified as an ecclesiastical foundation because a church official is named the representative or because it may only be represented by members of a specific denomination.

(1) 1. An ecclesiastical foundation has to be approved upon proposal if long term fulfillment of the foundation's purpose through the foundation capital appears to be secured or if guaranteed by the church. 2. A foundation may only be classified as an ecclesiastical foundation based on the approval of the respective church.

(2) Ecclesiastical foundations my only disband or convert with the permission of the respective church.

(3) 1. Overall, for ecclesiastical foundations the regulations of the first section of the by-law applies; in Art. 6 the state ministry for education and culture replaces the government as the responsible authority. 2. Addendums to the by-law of an ecclesiastical foundation upon approval (Art. 9 paragraph 3 sentence 1) require the affirmation of the respective ecclesiastic authority.

(1) 1. Ecclesiastical foundations are under supervision of the respective churches. 2. Appointment of general regulations regarding name, location, purpose, representation, administration and supervision of an ecclesiastical foundation is the responsibility of the ecclesiastical authority.

(2)The existing regulations regarding national supervision of church buildings mandated by state construction law remain unchanged.

The regulations outlined within this title are also applicable for respective foundations such as the Israel culture congregations and other religious fellowships and world recognized congregations, provided they are located within the public rights vicinity of Bavaria.

The existing responsibility to remit currency or payment in kind to clergy or other church employees remains unchanged.

(1) 1. In the event of income from certain properties regulated by public law, each owner of the properties is obligated to make a contribution provided he is a member or legal counsel of the denomination, or the spouse or minor child of a member of the denomination and resides in the same household. 2. Referencing paragraph 2, legal counsel of a proven different denomination whose relatives are members of the respective denomination are exempt from contributing.

(2) Members of different denominations are only obligated to contribute if certain income stems from a special legal arrangement or if the income is a return service for a performance that is subject to collective indulgence.

(1) Natural- and annually changing monetary income governed by public law may be released or converted to a set annual payment upon agreement by the contribution obligated and the contribution entitled.

(2) Set income governed by public law may be released by the contribution obligated party under consideration of applicable capital factor of the assessment law at the time.

(3) The contribution obligated party may request that object income is converted to a set monetary income; the value of the monetary income is to be determined by the annual average object value within the last 5 years.

If a property that is subject to profit governed by public law dissipates or due to elimination of the property otherwise disbands, or if due to disbanding the performance ability of the owner regarding the liabilities in question are jeopardized the owner without consideration of denomination membership is obligated to remit upon the contribution entitled party's request.

(1) 1. The existing responsibilities to income governed by public law within a church community may upon agreement of the authorized parties be relinquished to the church community and in accordance with Art. 35 may be converted or exchanged. 2. The involved contribution obligated party's are not precluded from the consultation and vote.

(2) Upon absorption of the responsibilities through the church foundation Art. 35 applies as follows:

 **LEGAL LANGUAGE SERVICES**

An affiliate of ALS International
18 John Street
Suite 300
New York, NY 10038

Telephone (212) 766-4111
Toll Free   (800) 788-0450
Telefax    (212) 349-0964
www.legallanguage.com

June 11, 2008

To whom it may concern:

This is to certify that the attached translation from German into English is an accurate representation of the document received by this office.  This document is designated as:

### *Bavarian Law on Foundations*
### *Pages 9 through 16*

George Alves, Manager of Translation Services of this company, certifies that Petra McLemore, who translated this document, is fluent in German and standard North American English and is qualified to translate.

He attests to the following:

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."

Signature of George Alves

Subscribed and sworn to before me this 9th day of June, 2008

Theresa Kwok
Notary Public, State of New York
No. 01KW6175014
Qualified in New York County
Commission Expires Oct. 01, 2011

Sincerely,

Victor J. Hertz
President & CEO