**WITHERS BERGMAN LLP**
Hollis Gonerka Bart (HB-8955)
Chaya F. Weinberg-Brodt (CW-4676)
430 Park Avenue, 10th Floor
New York, New York 10022
212.848.9800 (p)
212.848.9888 (f)
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
VENETIA KAPERNEKAS,

                          Plaintiff,

     -against-

UDO FRITZ-HERMANN BRANDHORST,

                          Defendant.
-----------------------------------------------------------X

Index No.: 08-CV-4046 (JSR)

**ANSWER TO
AMENDED COMPLAINT**

Defendant Udo Fritz-Hermann Brandhorst ("Brandhorst"), by and through his attorneys Withers Bergman LLP, as and for his Answer to the Amended Complaint, states as follows:

1. Defendant admits the allegations in paragraph 1, on information and belief.

2. Defendant admits the allegations in paragraph 2.

3. Defendant states that paragraph 3 pleads a legal conclusion to which no answer is required, but to the extent that an answer is required, defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4. Defendant states that paragraph 4 pleads legal conclusions to which no answer is required, but to the extent that an answer is required, defendant denies on information and belief the allegations in paragraph 4.

5. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 5.

701195.6.

6. Defendant states that paragraph 6 pleads only expressions of plaintiff's subjective opinions, and denies knowledge or information sufficient to admit or deny the allegations in paragraph 6, except that defendant admits that he is a collector of fine art, and that from time to time, he purchases contemporary art from various art dealers, and defendant denies that he is an "investor" in art.

7. Defendant denies the allegations in paragraph 7, except he admits that he is a Founder and President of the Brandhorst Foundation, which is a Bavarian public, not-for-profit foundation, and that the State of Bavaria, Germany is currently building an art museum in Munich, which will house works of art that are referred to as the Brandhorst Collection.

8. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 8, except defendant admits that at some point in the late 1990's, he and plaintiff Venetia Kapernekas entered into a personal relationship.

9. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 9, except he denies that any abortion Kapernekas underwent was at his request.

10. Defendant denies the allegations in paragraph 10, except he admits that at some point in 1998 or 1999, he transferred a substantial amount of money (approximately $900,000 to $1,000,000) to plaintiff for her to use for her support.

11. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11.

12. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 12.

701195.6.

13. Defendant denies the allegations in paragraph 13, except he admits that at some point in time, plaintiff gave him a power-of-attorney over the Swiss bank account.

14. Defendant denies the allegations in paragraph 14, except he admits that Kapernekas became pregnant with his child in 2001.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations of Paragraph 16, except he admits, on information and belief, that at some time after AN was born, Kapernekas, AN, and Orestes began residing in the loft apartment he owns at 104 Wooster Street, New York, New York, apartment 3N, and continue to reside there today.

17. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 17, except that he denies that plaintiff ever explained or discussed her alleged plans with defendant.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant states that paragraph 20 pleads only expressions of plaintiff's internal mental state, and denies knowledge or information sufficient to admit or deny the allegations in paragraph 20, except he admits that he is a collector of contemporary works of art and denies that he invests in art. Defendant further states, on information and belief, that plaintiff knows he does not buy art for investment purposes.

21. Defendant states that paragraph 21 pleads only expressions of plaintiff's internal mental state and her subjective opinions regarding prices, prominent artists, and dealers unknown to defendant, and denies knowledge or information sufficient to admit or deny the allegations in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22, except he denies knowledge or information sufficient to admit or deny the allegations in paragraph 22 which allege plaintiff's internal mental state, or her subjective opinions or beliefs, and affirmatively states that defendant never agreed to invest plaintiff's funds, never agreed to use plaintiff's funds to purchase art for plaintiff, never agreed to "safeguard" art for plaintiff for any period of time, and never communicated to plaintiff that she would have any interest whatsoever in the works of art which defendant purchased for himself.

23. Defendant states that paragraph 23 pleads only expressions of plaintiff's internal mental state and her own acts, and denies knowledge or information sufficient to admit or deny the allegations in paragraph 23.

24. Defendant states that paragraph 24 pleads only expressions of plaintiff's internal mental state, and he denies knowledge or information sufficient to admit or deny the allegations in paragraph 24, and affirmatively states that he did nothing to induce plaintiff's alleged reliance on his alleged expertise, that he had no knowledge of plaintiff's alleged reliance on his alleged expertise, and that plaintiff did not communicate her alleged reliance on defendant's alleged expertise to defendant.

25. Defendant denies the allegations in paragraph 25, except admits that the amount of $825,416.83, which was the remaining balance of the lump-sum amount which defendant had previously transferred to plaintiff as alleged in paragraph 10 of this Answer, was transferred to the Gagosian Gallery, as a way of returning that balance to defendant, as per the parties' agreement that these original funds would be returned and the amount would be replaced by monthly transfers.

701195.6.

26. Defendant denies the allegations in paragraph 26, except admits that the funds transferred to Gagosian Gallery were partial payment for certain works of art defendant purchased for himself, and on his own behalf.

27. Defendant denies the allegations in paragraph 27.

28. Defendant states that paragraph 28 pleads only expressions of plaintiff's internal mental state, and denies knowledge or information sufficient to admit or deny the allegations in paragraph 28, except that he admits and affirmatively asserts that plaintiff, at this time, sought no information about the works of art, and gave no indication to defendant that she was asserting, would ever assert, or believed she had any right to assert, any interest in the works of art defendant had purchased for himself, and he denies that he is an investor in art, or that his purchase of the works of art, for his own benefit, was confidential.

29. Defendant denies any alleged attempt by plaintiff prior to February 2007 to inquire about the works of art, but affirmatively states that according to plaintiff's own account, defendant rebuffed her. Defendant further denies knowledge or information sufficient to admit or deny the balance of the allegations of paragraph 29, except that he affirmatively states that he had no knowledge of, and took no action to induce, plaintiff's alleged reliance or trust in him with respect to the works of art he purchased for his own benefit.

30. Defendant denies the allegations in paragraph 30, except admits that plaintiff filed custody and support petitions in 2004 in New York's Family Court and subsequently voluntarily withdrew these petitions.

31. Defendant denies the allegations in paragraph 31, except admits that for some time after 2004, he continued to transfer $20,000 per month to plaintiff, in addition to other

701195.6.

transfers and in-kind benefits, and permitted plaintiff, plaintiff's son, and their daughter to reside at 104 Wooster Street, 3N.

32. Defendant denies the allegations in paragraph 32, and affirmatively states that at all relevant times since at least July 2002, he has publicly and notoriously asserted sole title to, and ownership of, the works of art, and that he never took any action to suggest that anybody other than himself, including but not limited to plaintiff, had any title to, or other interest in, the works of art, and that at no time prior to February 2007 did plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

33. Defendant states that paragraph 33 appears to plead only expression of plaintiff's subjective beliefs and opinions about her own mental state and about the value of various unspecified works of art unknown to defendant, and denies knowledge or information sufficient to admit or deny the allegations in paragraph 33, except admits, on information and belief, that some art sold by the Gagosian Gallery has increased in value.

34. Defendant denies the allegations in paragraph 34, except he admits that plaintiff's counsel asked about the works of art on or about February 2, 2007, and that at or about that time defendant asserted, or reasserted, his sole title and ownership of the works of art.

35. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 35, except he admits that plaintiff commenced this lawsuit against defendant and the Foundation on April 29, 2008, and asserts that he refused to surrender the works of art to plaintiff because they belong exclusively to him.

36. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 36, except he denies that he transferred all of his personal artwork to the

Brandhorst Foundation, and admits that plaintiff named the Brandhorst Foundation as a defendant in her original complaint.

37. Defendant admits the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38, except that he respectfully refers the Court to his motion papers for a full, true, and accurate depiction of the contents thereof, and he admits that he has asserted, and continues to assert, sole title and interest in the works of art; that the Brandhorst Foundation has no interest in the works of art; and that the Brandhorst Foundation is not a party to the Amended Complaint.

39. Defendant denies the allegations in paragraph 39, except that he respectfully refers the Court to his declaration for a full, true, and accurate depiction of the contents thereof.

40. Defendant denies the allegations in paragraph 40, and respectfully refers the Court to Exhibit A to plaintiff's Amended Complaint for a full, true, and accurate depiction of the contents thereof.

41. Defendant admits the allegations in paragraph 41, except he respectfully refers the Court to Exhibit A to plaintiff's Amended Complaint for a full, true, and accurate depiction of the contents thereof.

42. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 42, except he respectfully refers the Court to Exhibit A to plaintiff's Amended Complaint for a full, true, and accurate depiction of the contents thereof.

43. Defendant denies the allegations contained in paragraph 43, except admits the $825,785.00 was wired to Gagosian, as set forth in paragraph 25 of this Answer, and respectfully refers the Court to Exhibit A to plaintiff's Amended Complaint for a full, true, and accurate depiction of the contents thereof.

44. Defendant admits that his declaration attached numerous exhibits, including wire transfer instructions, and otherwise denies the allegations in paragraph 44, except he respectfully refers the Court to the exhibits to his declaration for a full, true, and accurate depiction of the contents thereof.

## Count I
## (Replevin)

45. Defendant's responses to paragraphs 1-44 inclusive, are incorporated herein by reference.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48, except affirmatively admits and states that at all times since he purchased the works of art in 2002, whether before, on, or after February 2, 2007, defendant has always publicly and notoriously asserted and maintained sole title to, interest in, and ownership of the works of art, and never took any action to suggest that plaintiff possessed any title to, ownership of, or other interest in, the works of art, and that at no time prior to February 2007 did plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

49. Defendant denies the allegations in paragraph 49, and affirmatively asserts that all times since he purchased the works of art in 2002, he has always publicly and notoriously asserted and maintained sole title to, interest in, and ownership of the works of art, and never took any actions to suggest that plaintiff possessed any title to, ownership of, or other interest in, the works of art, and that at no time prior to February 2007 did plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

50. Defendant states that paragraph 50 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 50.

51. Defendant states that paragraph 51 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 51.

### Count II
### (Conversion)

52. Defendant's responses to paragraphs 1-51 inclusive, are incorporated herein by reference.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55, except affirmatively asserts that at all times since he purchased the works of art in 2002, he has always publicly and notoriously asserted and maintained sole title to, interest in, and ownership of the works of art, and that he never took any action to suggest that plaintiff possessed any title to, ownership of, or other interest in, the works of art, and that at no time prior to February 2007 did plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

56. Defendant states that paragraph 56 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 56.

57. Defendant states that paragraph 57 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 57.

701195.6.

## Count III
### (Breach of Fiduciary Duty)

58. Defendant's responses to paragraphs 1-57 inclusive, are incorporated herein by reference.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant states that paragraph 62 pleads a legal conclusion to which no answer is required, but to the extent that an answer is required, defendant denies the allegations in paragraph 62, and affirmatively asserts that all times since he purchased the works of art in 2002, he has always publicly and notoriously asserted and maintained sole title to, interest in, and ownership of the works of art, and never took any actions to suggest that plaintiff possessed any title to, ownership of, or other interest in, the works of art, and that at no time prior to February 2007 did plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

63. Defendant states that paragraph 63 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 63.

## Count IV
### (Breach of Contract – Bailment of Infinite Duration)

64. Defendant's responses to paragraphs 1-63 inclusive, are incorporated herein by reference.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

701195.6.

67. Defendant denies the allegations in paragraph 67, and affirmatively asserts that at all times since he purchased the works of art in 2002, he has always publicly and notoriously asserted and maintained sole title to, interest in, and ownership of the works of art, and never took any actions to suggest that plaintiff possessed any title to, ownership of, or other interest in, the works of art, and that at no time prior to February 2007 did plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

68. Defendant states that paragraph 68 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 68.

69. Defendant states that paragraph 69 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 69.

### Count V
### (Unjust Enrichment)

70. Defendant's responses to paragraphs 1-69 inclusive, are incorporated herein by reference.

71. Defendant denies the allegations in paragraph 71.

72. Defendant states that paragraph 72 pleads a legal conclusion to which no response is required, but to the extent a response is required, defendant denies the allegations in paragraph 72, and affirmatively states that at all times since he purchased the works of art in 2002, he has always publicly and notoriously asserted and maintained sole title to, interest in, and ownership of the works of art, and never took any actions to suggest that plaintiff possessed any title to, ownership of, or other interest in, the works of art, and that at no time prior to February 2007 did

701195.6.

plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

73. Defendant states that paragraph 73 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 73.

74. Defendant states that paragraph 74 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 74.

## Count VI
### (Constructive Trust)

75. Defendant's responses to paragraphs 1-74 inclusive, are incorporated herein by reference.

76. Defendant states that paragraph 76 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies knowledge or information sufficient to admit or deny the allegations in paragraph 78 to the extent they refer to plaintiff's internal mental state, and denies the remainder of the allegations in paragraph 78.

79. Defendant states that paragraph 79 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 79, and affirmatively asserts that at all times since he purchased the works of art in 2002, he has always publicly and notoriously asserted and maintained sole title to, interest in, and ownership of the works of art, and never took any actions to suggest that plaintiff possessed any title to,

ownership of, or other interest in, the works of art, and that at no time prior to February 2007 did plaintiff ever expressly or impliedly suggest to defendant that she was asserting ownership of the works of art.

80. Defendant states that paragraph 80 pleads a legal conclusion to which no answer is required, but to the extent an answer is required, defendant denies the allegations in paragraph 80.

### First Affirmative Defense

81. Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

82. The events alleged by plaintiff occurred in June or July 2002.

83. Each of plaintiff's claims is governed by a three-year statute of limitations.

84. All of plaintiff's claims are time-barred by the applicable statute of limitations.

### Third Affirmative Defense

85. Plaintiff has failed to allege the existence of a writing to support her claims of an alleged agreement with defendant under which she would have any interest in the works of art

86. Plaintiff's claims are barred by the doctrine of statute of frauds.

### Fourth Affirmative Defense

87. Defendant repeats and realleges his allegations in the preceeding paragraphs of his Answer, as if fully set forth herein.

88. Between in or around August 2002 and the date of this Complaint, defendant made monthly and other periodic transfers to plaintiff, in cash or in-kind, totaling approximately $3,433,000.

701195.6.

89. Defendant made these transfers based on defendant's agreement with plaintiff, in or around June or July 2002, that he would make monthly transfers to replace the amount of the lump sum he had originally transferred to plaintiff in 1998 or 1999, which he now wanted returned.

90. The monthly transfers of cash and in-kind benefits made by defendant to plaintiff since in or around August 2002 went well beyond any conceivable legal or other obligation that defendant had to provide support for his child.

91. During the time that defendant was making these monthly transfers, in reliance on the parties' agreement that plaintiff would return the lump sum to defendant, and defendant would replace that amount with monthly transfers, plaintiff stood silently by and accepted the benefit of these transfers, and deliberately concealed from defendant that she would later assert an interest in the works of art he purchased with the returned funds.

92. Plaintiff knowingly and voluntarily waived her interest in the funds transferred to Gagosian Gallery, in return for defendant's agreement to replace the amount of the lump sum with monthly transfers.

93. Between in or around August 2002 and the date of this Complaint, defendant more than satisfied his undertaking to replace the original amount of the lump sum with monthly transfers.

94. Plaintiff's claim is barred by the doctrine of waiver.

### Fifth Affirmative Defense

95. Defendant repeats and realleges his allegations in the preceeding paragraphs of his Answer, as if fully set forth herein.

96. Plaintiff's claim is barred by the doctrine of estoppel.

701195.6.

### Sixth Affirmative Defense

97. Defendant repeats and realleges his allegations in the preceeding paragraphs of his Answer, as if fully set forth herein.

98. Plaintiff's claim is barred by the doctrine of accord and satisfaction.

### Seventh Affirmative Defense

99. Defendant repeats and realleges his allegations in the preceeding paragraphs of his Answer, as if fully set forth herein.

100. In or around June 2004, while plaintiff and defendant were engaged in Family Court litigation, plaintiff obtained a copy of her July 2002 wire transfer instructions for the express purpose of discussing those instructions with counsel.

101. Nevertheless plaintiff failed at that time and for a substantial period thereafter, to expressly or impliedly state or suggest to defendant that she believed, claimed, or intended ever to claim, that she had any ownership interest, or any other interest, in the works of art.

102. Even if plaintiff's claims did not accrue until her alleged demand for the works of art (which is denied), plaintiff's delay in making this demand was unjustified and prejudicial to defendant.

103. Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense

104. Defendant repeats and realleges his allegations in the preceeding paragraphs of his Answer, as if fully set forth herein.

105. Plaintiff received substantial monthly transfers, in cash or in-kind benefits, from defendant, in lieu of the original lump sum transfer she returned to defendant, and deliberately

failed, during the time she was receiving these payments from defendant, to mention or assert her putative claim or allegation of alleged ownership of, or other alleged interest in, the works of art.

106. Plaintiff's claims are barred by the doctrine of unclean hands.

### Ninth Affirmative Defense

107. Defendant repeats and realleges his allegations in the preceeding paragraphs of his Answer, as if fully set forth herein.

108. In addition to the foregoing, defendant has expended substantial costs with respect to the ownership of the works of art including but not limited to shipping costs, storage costs, taxes, and insurance.

109. If defendant has any liability to plaintiff, which is denied, all or part of this liability must be offset or recouped by reason of the foregoing.

WHEREFORE, defendant Udo Fritz-Hermann Brandhorst respectfully demands judgment in his favor, dismissing plaintiff's Amended Complaint against him with prejudice and in its entirety, and awarding him his attorneys' fees and costs, and such other and further relief which this Court finds just and proper.

Dated: New York, New York
       July 24, 2008

                                        WITHERS BERGMAN LLP

                                        By: _____
                                        Hollis Gonerka Bart (HB-8955)
                                        Chaya F. Weinberg-Brodt (CW-4676)
                                        430 Park Avenue, 10th Floor
                                        New York, NY 10022-3505
                                        Phone: (212) 848-9800
                                        Fax: (212) 848-9888
                                        Attorneys for Defendant,
                                        Udo Fritz-Hermann Brandhorst

701195.6.