```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
VENETIA KAPERNEKAS,                  :
                                     :
            Plaintiff,               :
                                     :
        -v-                          :
                                     :
UDO FRITZ-HERMANN BRANDHORST,        :
                                     :
            Defendant.               :
----------------------------------- x
```

```
╔══════════════════════════╗
║ USDC SDNY                ║
║ DOCUMENT                 ║
║ ELECTRONICALLY FILED     ║
║ DOC #: _____ ║
║ DATE FILED: 8-4-09       ║
╚══════════════════════════╝
```

08 Civ. 4046 (JSR)


MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

The parties here dispute the rightful ownership of two works of art by contemporary artist Damien Hirst:  a 20-foot tall, six-ton painted bronze statue titled "Hymn," and a mixed media piece titled "Pill Cabinet," allegedly valued collectively at $30-45 million.

Plaintiff Venetia Kapernekas, a self-described "gallerist, collector, and general supporter of the arts community in New York and abroad," Affidavit of Hollis Gonerka Bart ("Bart Aff.") Ex. 1 ¶ 2, asserts claims for conversion, replevin, bailment, unjust enrichment, constructive trust, and breach of fiduciary duty, arising from the alleged effects of defendant Udo Fritz-Hermann Brandhorst's efforts to deprive plaintiff of her interest in the art.  Defendant, a "highly successful investor and an international collector of fine contemporary art," First Amended Complaint ("Compl.") ¶ 6, denies the claims in their entirety.  See Answer ¶¶ 45-80.

Early in the case, defendant moved to dismiss plaintiff's claims as time-barred.  On July 10, 2008, the Court denied that motion, without prejudice to defendant moving for summary judgment on that (or any other) ground upon the completion of discovery.  Discovery

completed, defendant now moves for summary judgment, both on the ground that plaintiff's claims are untimely, and that, in any event, the undisputed evidence demonstrates that plaintiff never had a legal interest in the art at issue. Upon consideration, defendant's motion is denied as to plaintiff's conversion and replevin claims, but granted as to all other claims.

By way of background, it is undisputed that in September 1999 defendant gave plaintiff, to whom he had formed a romantic attachment, a gift of approximately $900,000. Bart Aff. Ex. 20. But plaintiff and defendant offer differing accounts of what happened next. Plaintiff contends that defendant offered to invest the money he had given to plaintiff in contemporary art at the Gagosian Gallery in New York, eventually leading to purchase of the Damien Hirst pieces. See, e.g., id. Ex. 2 at 50; Declaration of John Wait ("Wait Decl.") Ex. D at 60. Defendant, by contrast, contends that he told plaintiff that it would be safer for her to return the money to him, and instead receive monthly payments in smaller increments. Bart Aff. Ex. 7 at 126.

There is, moreover, admissible evidence arguably corroborative of each party's account. Thus, on the one hand, it is undisputed that on July 2, 2002, plaintiff wire transferred $874,785 of the $900,000 to an account held by the Gagosian Gallery in New York, id. Ex. 27, and that the money was used, along with additional monies from defendant, to purchase (in defendant's name) the two Damien Hirst pieces here in issue. Id. Ex. 7 at 126; Ex. 49; Pl. 56.1 ¶¶

2

60-63; Def. 56.1 ¶¶ 60-63; Bart Aff. Ex. 49.  On the other hand, it is equally undisputed that defendant thereafter gave plaintiff $20,000 a month until March, 2008, such payments totaling $1.24 million. Pl. 56.1 ¶ 35; Def. 56.1 ¶ 35.

In any event, after the works of art were purchased, defendant had them shipped to Germany for eventual display at his museum.  Pl. 56.1 ¶¶ 71-73; Def. 56.1 ¶¶ 71-73.  Beginning in September 2002, plaintiff began demanding that defendant return the $825,785, which she often referred to as the "$1" or "the million." Pl. 56.1 ¶ 45; Def. 56.1 ¶ 45; see, e.g., Bart Aff. Ex. 43 at 264; id. Ex. 40 at 230; id. Ex. 44 at 158; see generally id. Ex. 72.  None of this correspondence, though, contained a demand for the artwork.  See id. Ex. 72.

In June 2004, however, plaintiff asked defendant's secretary for a copy of the invoice for the art, id. Ex. 64, but defendant's secretary refused.  Id. Ex. 2 at 135-37.  On July 30, 2004, defendant agreed to loan the "Hymn" to an Italian museum for exhibition between October 30, 2004 and January 31, 2005.  Id. Ex. 57.  The exhibition catalog for the Italian museum described the "Hymn" as being from "Collection Brandhorst, Germany."  Id. Ex. 59.

In January 2008 (and possibly as early as February 2007), plaintiff formally demanded the return of the two pieces of art.  Pl. 56.1 ¶ 92; Def. 56.1 ¶ 92; Pl. Counter 56.1 ¶ 32, see Bart Aff. Ex. 67.  After defendant refused, plaintiff commenced the instant action on April 29, 2008.

In moving for summary judgment, defendant, as noted, first argues that plaintiff's conversion and replevin claims are barred by the applicable three-year statute of limitations. See C.P.L.R. § 214; Guggenheim Found. v. Lubell, 77 N.Y.2d 311, 318 (1991). Plaintiff responds that the statute did not begin to run until she made her demand for return of the art and defendant refused. See Sanchez v. University of Penn. Museum of Archaeology and Anthropology, No. 04 Civ. 1253, 2004 WL 1621184, at *1 (S.D.N.Y. July 20, 2004). It is patent, however, that material issues of disputed facts remain as to, inter alia, whether defendant openly dealt with the works in a manner that would preclude plaintiff from invoking the demand and refusal rule. Similarly, while defendant contends that plaintiff has failed to evidence any legal interest in the art, there remains disputed issues of whether plaintiff nevertheless held at least a partial interest or enforceable right in those works. Accordingly, defendant's motion for summary judgment as to plaintiff's conversion and replevin claims must be denied.

Plaintiff's remaining claims must, however, be dismissed as an attempt to plead around the conversion and replevin time limitations with what are really duplicative claims. "In applying the Statute of Limitations, courts must look to the essence of the claim, and not to the form in which it is pleaded." Green Bus Lines, Inc. v. Gen. Motors Corp., 169 A.D.2d 758, 759 (2d Dep't 1991); see Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 264 (1937) ("in applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name"). Here, all of plaintiff's remaining claims

4

(each of which carries a six-year statute of limitations period) boil down to an allegation that defendant converted the art in question for his own benefit. See First Amended Complaint ¶ 62 (breach of fiduciary duty) (defendant "fail[ed] and refus[ed] to identify the art [in question] and surrender it to [plaintiff]"); id. ¶ 68 (breach of a bailment contract) (defendant "refused to identify or surrender" the art in question, and improperly "assert[ed] sole ownership over the artwork"); id. ¶ 72 (unjust enrichment) (defendant "appreciated, accepted and retained the benefit of the art" and "wrongful[ly] refus[ed] to surrender the art to plaintiff"); id. ¶ 79 (constructive trust) (defendant "refused to surrender the art or return to her the appreciated value of her investment").

There is no indication that the remedy afforded by plaintiff's conversion and replevin claims would be in any way inadequate. Thus, if the jury determines that plaintiff's conversion and replevin claims are not time-barred, those claims provide a complete remedy. If, by contrast, the jury determines that such claims are time-barred, plaintiff cannot avoid the three-year statute of limitations by asserting other claims, based on the same facts, that really sound in conversion or replevin. See, e.g., Gold Sun Shipping Ltd. v. Ionian Transport Inc., 245 A.D.2d 420, 421 (2d Dep't 1997) (where action "in reality[] sounded in conversion," plaintiff's additional claims for fraud, breach of fiduciary duty, and constructive trust were governed by three-year statute and thus time-barred); Katz v. Kar, 192 A.D.2d 695, 696 (2d Dep't 1993) ("This action, purportedly to recover damages for breach of a bailment contract, is, in fact, an

action to recover damages for conversion"); <u>Malmsteen v. Berdon, LLP</u>,
477 F. Supp. 2d 655, 667 (S.D.N.Y. 2007) ("if the unjust enrichment
claim is merely incidental to or duplicative of another claim with a
shorter limitations period, the Court will not allow a plaintiff to
avail himself of the longer limitations period").

Accordingly, for all of the foregoing reasons, defendant's
motion for summary judgment is denied as to the conversion and
replevin claims and granted as to all other claims.  The Clerk of the
Court is directed to close document number 36 on the Court's docket,
and the parties are hereby directed to convene a joint telephone
conference with Chambers by no later than Friday, August 14, 2009 to
set a firm trial date for this action.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:     New York, New York
           July 31, 2009

6